UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSE CANDELARIO PACHECO BRAVO,

Petitioner,

v. Case No.: 2:26-cv-02997-SPC-NPM

WARDEN, GLADES COUNTY DETENTION CENTER *et al.*,

Respondents.
_________________________________/

**OPINION AND ORDER**

Before the Court are Jose Candelario Pacheco Bravo's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 5), and Pacheco Bravo's reply (Doc. 6).

Pacheco Bravo is a native and citizen of Venezuela who lawfully entered the United States on February 8, 2024. The Department of Homeland Security inspected Pacheco Bravo, commenced removal proceedings, and admitted him through February 8, 2026. Pacheco Bravo applied for asylum and obtained work authorization. He has no criminal record. On June 23, 2026, Immigration and Customs Enforcement (ICE) sent Pacheco Bravo a letter instructing him to report to an ICE office on July 28, 2026, with certain documents. When Pacheco Bravo complied, ICE arrested him. He is currently

detained at Glades County Detention Center without an opportunity to seek release on bond.

On September 25, 2026, Immigration Judge Frank Pimentel ordered Pacheco Bravo removed to Venezuela. The order states an appeal was due by October 25, 2026. Because that was a Sunday, the true deadline was October 26, 2026. *See* 8 C.F.R. § 1003.38(b)(3). The Board of Immigration Appeals confirmed receipt of Pacheco Bravo's notice of appeal on October 26, 2026, so the removal order is not administratively final.

Pacheco Bravo argues his detention without process infringes his Fifth Amendment right to due process. In response, the government certifies he is detained under 8 U.S.C. § 1231, which requires the government to detain noncitizens subject to administratively final removal orders. As explained above, Pacheco Bravo timely appealed his removal order, so it is not final, and § 1231 does not apply. Alternatively, the government claims Pacheco Bravo is an "arriving alien" subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). As the government acknowledges, its position is contrary to binding Eleventh Circuit precedent. In *Hernandez Alvarez*, the Eleventh Circuit held, "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior. By interpreting § 1225 to stretch far beyond the border and ports of entry, the Government

vitiates this longstanding distinction." *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1276 (11th Cir. 2026).

The Court turns to the merits of Pacheco Bravo's due process claim. The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is thus "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976). Courts look to three factors when considering what process is due in a given situation: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

All three factors weigh in Pacheco Bravo's favor. First, his interest in freedom from detention "lies at the heart of the liberty" the Due Process Clause protects. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Second, the risk of erroneous deprivation of that interest is substantial here. Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification…outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (internal quotation marks and citation omitted). It is the government's position that Pacheco Bravo is subject to mandatory detention despite the absence of any special justification simply because it classifies him as an "arriving alien" (contrary to the plain meaning of the term and the law of this circuit). Without some consideration of the facts, there is nothing to ensure immigration detention serves its statutory purposes and is used in accordance with the Constitution and the laws enacted by Congress.

Third, while the government has a legitimate interest in preventing noncitizens in removal proceedings from absconding, the process attendant to § 1226(a) would be adequate to serve the interest in this case. That process includes an initial custody determination, the right to request an individualized, merits-based custody redetermination hearing, and the right to request additional hearings when circumstances materially change. By classifying Pacheco Bravo as an "arriving alien" subject to mandatory

detention under § 1225(b)(2), the government has stripped him of the right to any discretionary review of his detention, no matter the circumstances.

For these reasons, the Court finds that the government violated Pacheco Bravo's Fifth Amendment rights by detaining him under an inapplicable statutory framework that does not provide due process.

Accordingly, it is hereby **ORDERED**:

Jose Candelario Pacheco Bravo's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1) Within 24 hours of this Order, the government shall release Pacheco Bravo and facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on November 20, 2026.

Sheri Polster Chappell

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record